## STEPHENS v. ANTHONY, ET AL.

1. VENDOR'S LIEN: *When apparent on deed, passes to assignee of purchase note.*

When it appears upon the face of a deed that the land was sold on time, and notes were given for the purchase money, the vendor's lien will pass to his assignee of the notes; and subsequent purchasers of the land are charged with notice of the lien.

Stephens v. Anthony et al.

APPEAL from *Jackson* Circuit Court in Equity.
Hon. RICHARD H. POWELL, Circuit Judge.

### STATEMENT.

Stephens filed his complaint in equity in the Jackson
Circuit Court, against the appellees, showing that Mitch-
ell and Felix Crump, in 1875, sold to Samuel Anthony a
two-third interest in a certain described tract of land in
Jackson county, for four thousand dollars, for which he
executed to them his notes payable at future dates, and they
executed to him a deed for the land, reciting that they sold
and conveyed it "for the sum of four thousand dollars,
payable as follows, to-wit: $1000 the 25th December, 1876;
$1000 the 25th December, 1877; $1000 the 25th Decem-
ber, 1878, and $1000 the 25th December, 1879, for which
sums he had executed to them his promissory notes, pay-
able as aforesaid."

That afterwards the said Anthony paid the first of said
notes, and the other three had been transferred by the ven-
dors for value to the plaintiff. That Anthony had sold and
conveyed the land to James B. Anthony, and he had sold
and conveyed a part of it to Henry E. Malone and his wife,
Sarah; and that James Anthony and Malone and wife all
had notice at the time of their purchases that said notes
were unpaid.

Prayer for a sale of the land for payment of the notes.

The defendants demurred to the complaint, claiming that
the vendor's lien upon the land did not pass to the plaintiff
by the assignment of the notes. The demurrer was sus-
tained. The plaintiff rested, and his complaint was dis-
missed, and he excepted and appealed.

*Clark & Williams*, for appellant:

Cites and comments upon *Moore & Cail* v. *Andrews*, 14

*Ark.* ; *Shall* v. *Biscoe,* 18 *Ark.,* 142 ; *Scott* v. *Orbison,* 21 *Ark.* 202 ; *Williams* v. *Christian,* 23 *Ark.,* 255 ; *Bernays* v. *Field & Dolley, Ark.* ; *Nichols* v. *Dunn,* 25 *Ark.,* 129 ; *Simpson* v. *Montgomery, Ib.* 365 ; *Hutton* v. *Moore,* 26 *Ark.,* 382 ; *Sheppard* v. *Thomas, Ib.* 617 ; *Jones* v. *Doss,* 27 *Ark.,* 618.

When a deed is made, which *shows upon its face* that the purchase money remains unpaid, and the vendor assigns the purchase notes, (although no lien is *expressly* reserved by the deed,) the lien inures to the benefit of the assignee, and he may enforce it. *Gantt's Dig., Sec.* 564 ; *Hecht* v. *Spears,* 27 *Ark.,* 229 ; *Campbell* v. *Rankin,* 28 *Ib.,* 401 ; *Richardson & May* v. *Hamlett,* 33 *Ark.,* 238.

*J. W. Butler,* for appellees :

Vendor's lien is personal, and does not pass by assignment of the debt. *Rogers* v. *James,* 33 *Ark.,* 77 ; *Garrett* v. *Williams,* 31 *Ib.,* 250 ; *Hecht* v. *Spears,* 27 *Ib.,* 231.

The case does not come within the terms of *Sec.* 564, *Gantt's Digest* ; the lien *is not expressed,* nor does it appear from the face of the deed, nor was there any lien, by contract, or reserved in any manner. The vendor parted with the title absolutely, trusting to his legal remedies against the purchaser ; the assignee has his legal remedy against both purchaser and assignor, but none in equity.

HARRISON, J. It is expressly declared by *Section* 564, *Gantt's Digest,* (*Act of April* 24, 1873,) that "the lien or equity held or possessed by the vendor of real estate, when the same is expressed upon, or appears from, the face of the deed or conveyance, shall inure to the benefit of the assignee of the note or obligation given for the purchase money of such real estate, and may be enforced by such assignee."

This case appears to be within the very language of the Statute. If a lien had been in terms reserved in the deed, no question could possibly arise as to its passing with the assignment of the notes, and as it plainly appears from the face of the deed that the purchase money had not been paid, and that the notes were given for it, there is as little room for controversy, it seems to us, as to the existence of the equitable or implied lien.

Most assuredly, if Samuel Anthony still owned the land, and the notes had not been assigned, the recital in the deed, that the price had not been paid, or, in other words, that the notes were given for it, would, in a suit by the vendor for foreclosure, be sufficient and cogent proof that it had not been paid, and of the existence of the lien ; and it is equally clear that the recital was notice to the subsequent purchasers. *Deason* v. *Taylor*, 53 *Miss.*, 697 ; *Honore's Ex'r* v. *Bakewell*, 6 *B. Mon.*, 67 ; *Thornton* v. *Knox's Ex'r, Ib.*, 74 ; *Croskey* v. *Chapman*, 26 *Ind.*, 333 ; *LeNeve* v. *LeNeve*, 2 *Leading Cases in Equity*, 168.

The decree is reversed, and the cause remanded to the court below, with instructions to overrule the demurrer to the complaint, and for further proceedings.