## MORRIS, ADM., v. HAM.

| 47 | 293 |
|----|-----|
| 65 | 105 |
| 47 | 293 |
| 72 | 353 |
| 47 | 293 |
| 76 | 346 |

1. VENDOR'S LIEN: *Passes with note.*

    A vendor's lien for the purchase money, when reserved in his deed, passes to any holder of the purchase money note, whether transferred before or after maturity, or upon a new or old consideration.

2. VENDOR AND PURCHASER: *Defects in title.*

    In the absence of fraud, a purchaser who has been let into possession under a deed, cannot, without eviction, either actual or constructive, controvert his vendor's title, nor defend against payments of the purchase money on account of defects of title; but in a suit to foreclose the vendor's lien, he may have credit for amounts necessarily paid to perfect the title.

APPEAL from *Drew* Circuit Court in Chancery.

Hon. JOHN M. BRADLEY, Circuit Judge.

*J. M. & J. G. Taylor* for Appellants.

In the absence of fraud, appellee having obtained posses-
sion under her deed, and there being no eviction, she cannot
controvert the title of the vendor or refuse to pay the purchase
price. *16 Ark., 288; 21 Id., 585; 23 Id., 201; 38 Id., 200; 98
U. S., 56.* She must rely on the covenants in her deed, even
though they are worthless, or the vendor insolvent. *50 Mo.,
252; Id., 511.* A vendee in possession cannot refuse payment
of purchase money, on suggestion of a defect or failure of title.
*22 Ark., 435; 2 Johns. Ch., 519.* As to the one hundred and
sixty acres, it was her duty to perfect her title as cheaply as
possible, and she would be entitled to reimbursement for the
amount expended. This Prewett tendered her. *12 Peters,
295; 1 Hem, 529; 2 Story Eq., sec., 1219; 23 Ark., 729; 12
How., 24.*

*Wells & Williamson* for Appellee.

The evidence shows that one hundred and sixty acres of
the land were the property of the state, and that Prewett had
not afterwards acquired title to same, and she had the right to
resist payment notwithstanding her possession. As to the
fraud, see *30 Ark., 535, and cases cited.* As to the one hun-
dred and sixty acres, no limitation could run, nor could eviction
be had, hence eviction need not be pleaded or proved. *32
Ark., p. 715; 38 Id., 127; 6 Watts Act. and Def., p. 452; 3
Wash. Real Pr., p. 159, sec. 41; 8 Ark., 368; 17 Id., 228–254.*

SMITH, J. Thomas E. Prewett sold and conveyed to Mrs.
Ham, in the year 1876, seven hundred acres of land, lying in
Drew county, Arkansas, for $3500. The trade was negotiated
by the husband of Mrs. Ham, who paid the consideration in
cash, personal property and real estate situate in Tennessee,
where the parties all resided, except $1400, which was divided
into three equal installments, evidenced by promissory notes
signed by husband and wife. For the deferred payments a

lien was reserved in the deed. The first of these notes was paid. Upon the second, partial payments have been made. The third was indorsed to C. V. Prewett, whose administrator filed this bill against Mrs. Ham, her husband being now dead, to subject the land to its payment. It was alleged to have come to the hands of her intestate for value before maturity.

Mrs. Ham, in her answer and cross-bill, denies this allegation, asserting that the assignment was after the paper had matured and was made as collateral security for a pre-existing debt, no new consideration having passed. And she set up a failure of title to two hundred acres of the land, denying that her vendor was seized at the time of sale, or has since acquired title thereto ; and alleging that the state was owner of a part, and one Hill of the remainder, of these two hundred acres. Thomas E. Prewett was made a defendant to the cross-bill, and it was alleged that he, being a near relative and physician of Ham, had imposed upon him by misrepresentations as to the title, character and value of the lands ; that Ham, having no opportunity to examine the lands, had relied upon these representations, and that he was, besides, in such feeble health, and his mind so much impaired, as to be incapable of transacting business. And the prayer of the cross-bill was that the two outstanding purchase notes be canceled, and that she have judgment over against Thomas E. Prewett for damages on account of his fraud and deceit practiced in the sale of the land.

These allegations were specifically denied in the answers of the defendants to the cross-bill; and Thomas E. Prewett produced the note still held by him and prayed for foreclosure of his lien also. In a supplemental pleading, which he offered but was not permitted to file, he stated that he had since discovered that the entry of one hundred and sixty acres of the land by the person under whom he claimed, had been afterwards set aside by the general land office at Washington, on account of its conflict with a previous selection by the state as

part of the swamp land grant, and that he had immediately applied to the commissioner of state lands to purchase the tract, which would have enured to the benefit of Mrs. Ham; but that she, as the last assignee of the original enterer, and by virtue of her possession and occupancy, which she had obtained through the sale by Prewett, claimed and was awarded a preference right to purchase. He therefore offered to refund to her the amount she had expended in perfecting the title.

The circuit court decreed the cancellation of the two purchase notes, and gave judgment against Thomas E. Prewett for $284.17.

It is immaterial whether the note held by C. V. Prewett's administrator was indorsed before or after maturity, and whether the consideration for such indorsement was anterior or new. The lien retained by the vendor's conveyance was available to any holder of the note, unless Mrs. Ham can show some valid reason why the same should not be enforced. *Mansf. Dig., sec. 474.*

We may dismiss from consideration all attempts to impugn the contract of sale for fraud and imposition. The proofs show that Ham was old, a sufferer from dyspepsia, and that he sometimes used morphine to assuage his sufferings. But there is no cause to believe that his mind was affected. He was acquainted with the quality and situation of the lands, having visited and inspected them long before the trade was effected; and as late as 1880, after his death, and after she had been in actual possession for several years, Mrs. Ham appears to have been content with her bargain, for she declined to rescind it.

Now, in the absence of fraud, Mrs. Ham, having been let into possession under a deed, and never having suffered eviction, either actual or constructive, cannot controvert her vendor's title, nor defend against payment of the purchase money, on account of defects therein, real or supposed. She is remitted to the covenants in her deed. This principle has been so

frequently decided that it is only necessary to refer to a few of the cases. *Hoppes v. Cheek, 21 Ark., 585; Crowell v. Packard, 35 Id., 348; Peters v. Bowman, 98 U. S., 56; Noonan v. Lee, 2 Black, 499.*

The application of this rule works no hardship in the present instance. The record shows that Hill, in whom a paramount title to forty acres of the land was alleged to be outstanding, had previously conveyed to Prewett by a deed which, though unacknowledged, was operative to pass the title. And as to the one hundred and sixty acres purchased bv Mrs. Ham of the state, all that she can equitably claim is to have the amount paid therefor deducted from the unpaid purchase money. *Brooks v. Isbell, 22 Ark., 488; Pintard v. Goodloe, Hempst., 502,* affirmed under the name of *Thredgill v. Pintard, 12 Howard, 24; Galloway v. Finley, 12 Peters, 264; Bush v. Marshall, 6 How., 291.*

The decree is reversed and cause remanded, with directions to the court below to enter a decree in favor of Thomas E. Prewett for the balance due on the note still held by him, after deducting the credits indorsed thereon and the expenses incurred by Mrs. Ham in perfecting the title to the tract of one hundred and sixty acres ; and a further decree in. favor of the administrator of C. V. Prewett for the principal and interest on the other note.