## PULLEN *v.* WARD.

### Opinion delivered December 22, 1894.

*Vendor's lien—Assignment of purchase notes.*

A vendor's lien reserved in a deed as security for the purchase notes of land is analogous to a mortgage, and passes with the transfer of the notes to a *bona fide* purchaser, freed from any defenses which the grantor had against the grantee.

Appeal from Mississippi Circuit Court in Chancery.

JAMES E. RIDDICK, Judge.

*S. S. Semmes* for appellant.

1. The court erred in not granting the relief prayed in the cross-bill. On account of the diminution in the area of the land conveyed, and the fraudulent misrepresentations of Joyner, the contract should have been rescinded. 3 Am. & Eng. Enc. Law, 929 ; 5 Lawson's R. & Rem. 4242 ; 1 Story, Eq. Jur. 201, 212 ; 3 Wait, Ac. & Def. 436 ; 5 *Ib.* 212 ; 5 Am. St. Rep. 289 ; 11 *id.* 350 ; 17 *id.* 178 ; 20 *id.* 691 ; 28 *id.* 91 ; 11 Ark. 58 ; 46 *id.* 337.

2. It was error to decree a lien on the 2 and 45-100 acres not conveyed by Joyner.

BATTLE, J. On the 5th of August, 1889, D. C. Joyner sold, and by deed of that date, containing the usual covenants of warranty, conveyed certain lands to W. H. Pullen, who agreed to pay therefor the sum of $2000, and paid $666 of this amount, and executed two notes for the remainder of the purchase money, payable to the order of D. C. Joyner, respectively, one and two years after date. The consideration for the sale of the land was set forth in the deed, and the notes were described therein, and stated to be given for the purchase money, and a lien was retained in the deed for their payment. The note first falling due was paid, and the

other was transferred by Joyner to L. Ward, before the maturity thereof, for a valuable consideration, without notice of any defenses against it. After the maturity of it, Ward brought suit against Pullen, in the Mississippi circuit court, for the amount of it, and for a foreclosure of the vendor's lien on the land. Pullen answered, setting up a failure of the consideration of the note and fraud in the sale of the land. The court rendered judgment in favor of Ward against Pullen for the amount of the note, declared it to be a lien on the land, and ordered that the land be sold to satisfy the judgment; and Pullen appealed.

Under the statutes of this State, the lien retained in the face of the deed became a security for the payment of the notes, and passed to the assignee of the same. Mansfield's Digest, sec. 474. The assignee thereby acquired the right to enforce the lien, and cause the land to be sold to satisfy it. In this respect, it is analogous to a mortgage executed to secure the payment of a note, and is controlled by the same rules of law.

When a negotiable note is executed, and a mortgage is given at the same time to secure its payment, and the note is transferred for value before maturity, without notice of any defenses against it, the assignee, when he seeks to foreclose the mortgage for the purpose of collecting the debt, is not affected by any equities existing between the mortgagor and mortgagee of which he had no notice at the time he became the owner of the note. The reason given for the rule is: "The contract as regards the note was that the maker should pay it at maturity to any *bona fide* indorsee, without reference to any defenses to which it might have been liable in the hands of the payee;" and the mortgage was executed to secure the fulfillment of the contract. The two are inseparable—the note as the principal and essential thing; the mortgage as an accessory and an incident.

The latter can have no existence independent of the former. When the note is assigned the mortgage follows it as an incident, and when the former is paid the latter expires. In the proportion the mortgage is denied to be a security for the note, and subject to be foreclosed for its satisfaction, the contract evidenced by the note is violated, and the rights of the assignee are set at naught. Hence "equity puts the principal and accessory upon a footing of equality, and gives to the assignee of the" note "the same rights in regard to both." *Carpenter* v. *Longan*, 16 Wall. 271; 1 Jones on Mortgages, (4 ed) secs. 834, 840, and cases cited; 1 Daniel on Negotiable Instruments, (4 ed.) secs. 834, 835 and cases cited.

In this case the note and lien stand in the same relation. They are as inseparable as the note and mortgage. As in the latter case, the note is the principal and essential thing, and the lien the accessory and incident. The lien passes with the transfer of the note, and expires when it is paid. The lien is, in effect, a mortgage, and, like it, passes to the assignee of the note, it being negotiable, freed from any defense the maker (Pullen) had against it in the hands of the vendor.

Judgment affirmed.

Riddick J., being disqualified, did not participate in the consideration of the case.