SMITH *v*. BUTLER.

Opinion delivered April 9, 1904.

1. VENDOR'S LIEN—TRANSFER.—A lien for the payment of notes for the purchase money of land, reserved in the face of a deed, is analogous to a mortgage, and passes with the transfer of the notes as an incident thereto. (Page 352.)

2. GARNISHMENT—TRANSFER OF LIEN.—Service of a writ of garnishment on the maker of a note and procuring judgment for the amount thereof in favor of a creditor of the payee vests such creditor with the right to the indebtedness evidenced by the note, together with all the rights and remedies possessed by the payee for the collection of the same, including a lien reserved in a deed as security for the note. (Page 353.)

3. SAME—LIEN ON NOTE.—Service of a writ of garnishment upon the maker of a note fastens a lien on the note which cannot be defeated by a subsequent transfer of the note after maturity. (Page 353.)

4. SAME—DESCRIPTION OF DEBT.—It is unnecessary that a writ of garnishment describe the debt in the writ in order to garnish the same. (Page 353.)

5. VENDOR'S LIEN—SEVERAL NOTES—DISTRIBUTION OF PROCEEDS.—Under a lien for purchase money reserved in the face of a deed of land, the holders of the several purchase money notes are entitled to participate ratably in the fund derived from the security. (Page 353.)

Appeal from Hot Spring Chancery Court.

LELAND LEATHERMAN, Chancellor. ·

*E. H. Vance, Jr.,* and *Andrew I. Roland,* for appellants.

One who lends another money to pay a debt, and takes his note for its payment, is not entitled to be subrogated to the rights of the creditor. 24 Am. & Eng. Enc. Law, 283; 50 Ark. 108.

Appellee was not entitled to an equitable assignment of the creditor's right. Sand. & H. Dig., § 490; 53 Ark. 523; 47 Ark. 293. The notes of appellant were not subject to appellee's claim or any judgment he could obtain. 62 Ark. 398; 65 Ark. 377; 67 Ark. 133; 69 Ark. 123; 52 Ark. 101; 33 Ark. 762; 57 Ark. 242; 60 Ark. 90. The lien of a garnishment dates from the service of the writ. 39 Ark. 97; 40 Ark. 531. Negotiable paper is not subject to garnishment until it has fallen due. Waples, Attach. 279; 10 Cal. 339; 64 Ky. 489; 6 Mich. 326; 57 Tenn. 401; 22 Tex. 230. A lien of a garnishment does not dislodge prior liens. Waples, Attach. § § 18, 779-836. A lien of the vendor is personal, and exists only between vendor and vendee. 31 Ark. 596; 53 Ark. 523; Tied. Com. Pap. 415; Dan. Neg. Inst. § 800a; 45 Ark. 271; 48 Ark. 354.

*N. P. Richmond,* and *H. Berger,* for appellee.

The garnishment proceeding operates as a compulsory statutory assignment. Drake, Attach. § 452; 1 Metc. 476; 7 Neb. 300. A vendor's lien is a creature of equity. Waples, Homestead & Ex. 332, 335. The lien was assignable. 62 Ark. 400; 66 Ark. 444; 69 Ark. 125. The notes were subject to garnishment. Sand. & H. Dig., § § 3714-3718; 55 Ark. 139; 70 Ark. 70. A debtor cannot claim his exemptions of property sold under attachment where he has had an opportunity and neglected to claim his exemptions as provided by statute. 55 Ark. 139; 53 Ark. 54. In the case at bar, the payee and garnishee were protected against the danger of twice paying the debt. 53 Ark. 524. Negotiable paper may be reached by garnishment where it affirmatively appears that the note had become due, and was still the property of the payee. 38 Ga. 18; 58 Ga. 615; 62 Ala. 113; 13 Ind. 161; 14 Ind. 453; 17 Ind. 520; 26 Ind. 375; 46 Ind. 246; 2 Greene, 125; 10 Cal. 339; 14 Am. & Eng. Enc. Law (2d Ed.), 770; Drake, Att. § § 583-590. The language of an opinion should be construed with reference to the facts before the court. 24 Ark. 439; 61 Ark. 43. Final judgment was properly rendered against the garnishee upon answer showing indebtedness to the defendant, against whom judgment had been previously rendered. 70 Ark. 127.

BATTLE, J.  H. W. Rains was indebted to H. A. Butler for goods, wares and merchandise in the sum of $121.75.  He was a married man and the head of a family, and owned and resided on certain lands in this state. On the 19th day of November, 1897, he sold the lands to S. D. Newman, and received for the same $80 in cash, and three promissory notes of Newman—one for $75, due December 1, 1898; one for $74, due Dceember 1, 1899; and the other for $73, due December 1, 1900—and by deed conveyed the lands to Newman, and reserved in the deed a lien on the lands to secure the payment of the unpaid purchase money. His wife joined him in the execution of the deed, and therein relinquished dower and homestead, and acknowledged the execution thereof.  On the 27th of November, 1897, Butler recovered a judgment against him before a justice of the peace for the $121.75, and on the 19th of September, 1898, sued out a writ of garnishment against Newman, and on the 10th of December, 1898, recovered a judgment against the garnishee for the amount of his note that was due and payable on the 1st day of December, 1898, of which Rains at the time was owner.  Newman appealed to the circuit court, and Butler recovered the same judgment in that court against him.  Rains transferred the note that was garnished, after its maturity and judgment thereon before the justice of the peace, to W. R. Collie, and transferred the other two notes, before maturity, to S. W. Smith.  Butler instituted this suit against Newman in the Hot Spring chancery court to enforce the lien upon the lands reserved in the deed.  Rains, Collie and Smith were made defendants.  Collie answered, and claimed the note that was garnished, and asked for judgment thereon against Newman and for sale of lands to pay the same.  Smith answered, and asked for judgment upon the two notes transferred to him, and for the enforcement of the lien upon the lands, and that his notes be first paid out of the proceeds.  The court rendered the judgment asked for by Smith against Newman, and decreed that the lands be sold, and that, if they did not sell for enough to pay the judgments of Butler and Smith, the proceeds of the sale be applied *pro rata* in part payment thereof.  Newman, Collie and Smith appealed.

The lien reserved in the deed executed by Rains to Newman as security for the payment of the notes for the purchase money

is analogous to a mortgage, and passed, with the transfer of the notes, as an incident thereto. *Pullen* v. *Ward,* 60 Ark. 90 ; *Morris* v. *Ham,* 47 Ark. 293. The garnishment of the note due on the 1st day of December, 1898, and the judgment for the amount thereof in favor of Butler against Newman, vested Butler with the complete right to the indebtedness of Newman evidenced thereby, together with all the rights and remedies possessed by Rains for the collection of the same, including the lien reserved for security. If it were otherwise, the garnishment and the judgment that followed would be of no avail, and the debt would be transferred without the means of collecting it, and the object of the garnishment, which was to enable Butler to collect the debt due him, would be defeated, and Newman would hold the land he purchased from Rains free and discharged from the lien reserved for the payment of a part of the purchase money, and the contract of the parties would thereby in part be defeated. Such would be a most unreasonable interpretation of the law, and subversive of its object.

The transfer of the note first falling due to Collie after it became due and was garnished did not defeat the garnishment. The service of the writ of garnishment fixed a lien upon it, which could not be defeated by a subsequent transfer made after its maturity. *Martin* v. *Foreman,* 18 Ark. 249. To protect such lien against transfers without notice of its existence, it was not necessary that the note be described in the writ. The statutes in no cases make it necessary to describe a debt in the writ in order to garnish the same. The object of the proceeding by garnishment is to discover what goods, chattels, moneys, credits and effects the garnishee may have in his hands belonging to the defendant, and upon discovery subject it to appropriation to the payment of the judgment of plaintiff against the defendant, and not to seize or attach any particular property. Sandels & Hill's Digest, chapter 74, and amendment.

The decree of the court directing that the proceeds of the sale of the lands be divided *pro rata* between the holders of the indebtedness for the purchase money is correct. The lien for the unpaid purchase money was reserved for the security of the payment of the whole of it. The holders or owners of every part

of the debt therefore stand *aequali jure,* and consequently are entitled to participate ratably in the fund derived from the security, if there be not enough to pay all. *Penzel* v. *Brookmire,* 51 Ark. 105.

Decree affirmed.