### LIDDELL *v.* JONES.

### Opinion delivered July 22, 1905.

1.  GARNISHMENT—TRANSFER OF LIEN.—When a garnishment is carried into judgment, it operates to transfer to the garnisher all the rights and remedies of the judgment defendant, including any mortgage or other lien to secure the indebtedness. (Page 345.)

2.  CHATTEL MORTGAGE—WAIVER.—The holder of a chattel mortgage, by levying an execution upon the mortgaged property, waives his mortgage lien thereon. (Page 345.)

3.  EXEMPTIONS—EFFECT OF GARNISHING PURCHASE MONEY.—As a garnisher succeeds to all the rights and remedies of the principal debtor, a vendee who is garnished to recover the purchase price of chattels cannot claim exemptions therein. (Page 346.)

Appeal from Clay Circuit Court, Eastern District.

ALLEN HUGHES, Judge.

Reversed.

*Hawthorne & Hawthorne,* for appellant.

Mortgaged property is not subject to sale under execution. 42 Ark. 239. If the assignee of a mortgage attaches the property, such action is a waiver of the mortgage lien. 64 Ark. 213. The

appellee could not claim the property as exempt.  42 Mass. 476; 17 N. E. 73; 21 Oh. St. 402; Kirby's Dig. § 4966.  A vendor's lien is assignable.  47 Ark. 293; 36 Ark. 91; 62 Ark. 397; Jones, Mortg. § 565; 122 Mass. 303.

*J. H. Hill* and *F. G. Taylor,* for appellee.

Appellant could not claim the rights of a vendor and a mortgagee both.  64 Ark. 213; 51 Ark. 285; 55 Ark. 542; Wade, Attach. § 521.

HILL, C. J.  The appellee, Jones, purchased two horses and harness of one Strong for $180, and, to secure payment of the purchase money, executed a mortgage to Strong on the horses and harness and also one log wagon.  Strong was indebted to Hancock, who sued him, and caused attachment to issue, and ran a garnishment on Jones.  The result of this proceeding was the sustaining of the attachment, and a judgment against Jones in favor of Hancock for the debt of $180, which he owed Strong for the horses.  Hancock caused execution to issue, and the horses, harness and wagon were levied on.  Jones filed a schedule of his personal property, and claimed this property as exempt.  The circuit court held it exempt, and the sheriff, representing the rights of Hancock, the judgment plaintiff, prosecuted this appeal.

There are two lines of decisions on the effect of a garnishment: one holding that it amounts to a compulsory assignment of the debt, and carries with it the liens securing the debt; the other holding that it does not operate as an assignment, but as an impounding of the debt for the garnisher's benefit.  The cases on this subject are collected in a note under section 192, Rood on Garnishment.  This court, in *Smith* v. *Butler,* 72 Ark. 350, held that the garnishment, when carried into judgment, operated to transfer to the garnisher all the rights of the judgment defendant, and give him the rights and remedies possessed by him, including a lien to secure the indebtedness.  Therefore it follows that Hancock became the owner of the debt of Jones and the mortgage securing it, and became possessed of the same rights which Strong, the mortgagee, possessed.

When Hancock levied on the property in question, he waived the mortgage which he then owned by operation of law.  No one else could levy on the property, because mortgaged chattels

are not subject to execution. *Jennings* v. *McIlroy*, 42 Ark. 239. The mortgagee, however, can waive his mortgage rights, and levying an execution upon the property is inconsistent with the mortgage, and a waiver of it. *Cox* v. *Harris*, 64 Ark. 213. It follows that the levy was proper, and the property subject to the execution.

The next question is whether Jones could claim the property as exempt. It is provided by article IX, section 1, Constitution 1874, and section 4966, Kirby's Digest, that exemptions cannot be claimed in property in the hands of the vendee against the debt for its purchase. It is contended that Hancock, as an involuntary assignee of Strong, is not clothed with Strong's rights in this regard, but these cases settle that question against the appellant: *Creanor* v. *Creanor*, 36 Ark. 91; *Morris* v. *Ham*, 47 Ark. 293; *Smith* v. *Butler*, 72 Ark. 350. The log wagon was properly held to be exempt, as there was no debt for the purchase money due against it, and no mortgage was sought to be enforced against it in this action; in fact, a position inconsistent with the mortgage, so far as Hancock's rights were concerned, was taken. The court erred in holding the horses and harness exempt from seizure under the execution, as it was levied to enforce a debt for purchase money while the property was in the hands of the purchaser.

Reversed and remanded, with directions to enter judgment in conformity herewith.