HANKINS v. MERCHANTS' & PLANTERS' BANK.

Opinion delivered November 26, 1923.

VENDOR AND PURCHASER—VENDOR'S LIEN—ASSIGNMENT.—Under Crawford & Moses' Dig., § 476, providing that a vendors' lien shown on face of a deed inures to the benefit of the assignee of the purchase money note, and § 7804, providing that an indorsement of a note without recourse does not impair negotiability, an indorsement of a vendor's lien note "without recourse" to a *bona fide* purchaser did not release the lien.

Appeal from Miller Chancery Court; *James D. Shaver*, Chancellor; affirmed.

### STATEMENT OF FACTS.

J. A. Hankins and his wife, Sarah A. Hankins, brought this suit against A. Wakin and the Merchants' & Planters' Bank to enforce a vendor's lien for the purchase money of a certain tract of land in Miller County, Arkansas.

The Merchants' & Planters' Bank stated that it was the owner in due course of business of one of the notes given for the purchase price of the land in question, and, by way of cross-complaint, asked for judgment for the amount of the aforesaid note and a decree for the foreclosure of its lien.

It appears from the record that J. A. Hankins and Sarah A. Hankins, his wife, sold to A. Wakin 200 acres of land in Miller County, Arkansas, for the sum of $3,500, evidenced by three promissory notes dated Dec. 30, 1918, and due and payable respectively on Dec. 30, 1919, 1920 and 1921, to the order of J. A. Hankins and wife. The vendors executed a warranty deed to the vendee for said lands, and the notes were described in the deed.

J. A. Hankins was the principal witness for the plaintiffs. According to his testimony, he is the owner of the two purchase money notes for $1,000 each, and they are due and unpaid. Hence this suit was instituted by him for the purpose of obtaining judgment against the maker of the notes and for the foreclosure of his vendor's lien. The note for $1,500 given for the purchase money was deposited by J. A. Hankins with the State National Bank as collateral security for a debt due by him to the bank. The Merchants' & Planters' Bank paid off this note at the instance of the maker, A. Wakin.

C. M. Blocker, the cashier of the State National Bank, was a witness for the defendants. The note for $1,500 has indorsed on the back the following: "Without recourse on us. J. A. Hankins and Sarah Hankins." That part of the indorsement, "without recourse on us," is in the handwriting of Blocker. The note was deposited with his bank by J. A. Hankins as collateral security for a loan obtained by him from the bank. The Merchants' & Planters' Bank was requested by Wakin to take an assignment of the note for moneys advanced by that bank to him. The Merchants' & Planters' Bank agreed to do this, and Blocker, acting for J. A. Hankins and wife, wrote the qualified indorsement, "without recourse on us," because Hankins and his wife did not wish to be liable as indorsers on the note.

A. Winham was also a witness for the defendants. He acted for the Merchants' & Planters' Bank in the purchase of the note. The only reason for Hankins and his wife making a qualified indorsement of the note was to protect themselves from personal liability. There was no intention whatever to release the lien of the vendor by the transfer and assignment of the note. Wakin at the time was not in good financial circumstances, and Winham would not have purchased the note for the bank had he thought that he was releasing the vendor's lien.

The chancellor found the issues in favor of the defendant, and judgment was rendered in favor of the plaintiffs against A. Wakin for the two notes held by them and in favor of the Merchants' & Planters' Bank against A. Wakin for the amount of the note held by it. A lien on the land was decreed in favor of the holders of the notes in proportion to the amounts respectively owned by them, and a sale of the land to satisfy the lien was ordered, with directions to divide the proceeds proportionately.

To reverse that decree the plaintiffs have prosecuted an appeal to this court.

*M. E. Sanderson,* for appellant.

Where an assignment is made without recourse, it does not carry with it the rights of a lien. 23 Ark. 255. An assignment of a note for purchase money without recourse amounts to an abandonment of the lien on the part of the vendor. 31 Ark. 240. An indorsement without recourse does not affect the negotiability of the instrument. 4 A. & E. p. 9-276; 29 A. & E. 457; 31 Ark. 240; 60 Ala. 457; 39 Am. Dec. 327. Under the statutes, a lien retained in the face of the deeds becomes a security for the payment of the notes mentioned therein. 60 Ark. 90. The voluntary payment by a stranger of a debt due to the vendor of land, and which is a charge upon it, extinguishes the debt and lien. 44 Ark. 504. Where a note for the purchase money for land is assigned, without recourse upon the assignor, the vendor's lien does not pass by such assignment to the assignee. 25 Ark. 130. The right of subrogation cannot be enforced until the whole debt is paid. 76 Ark. 245; Sheldon on Subrogation, § 127: 96 Ark. 594; 4 Pom. Eq. Jur. § 1419; 27 Am. & Eng. Ency. Law, 210; 34 Ark. 113.

*Jno. N. Cook,* for appellee.

The cases, 23 Ark. 255; 30 Ark. 153; 29 Ark. 219; and 31 Ark. 240, relied on by appellants to sustain their contention, are not in point. They discuss implied liens. Even liens reserved in the face of a deed were not assign-

able.    26 Ark. 617; 27 Ark. 518.    The lien or equity held or possessed by the vendor of real estate, when expressed upon the face of the deed or conveyance, will inure to the benefit of the assignee.    C. & M. Digest, § 476.    Where an express lien is reserved, the law does not raise an implied lien, and the rights of the parties depend on their contract and not on the mere implication of law. 27 R. C. L., § 357; 43 Ark. 464; 13 S. W. 722; 39 Cyc. 1804. Indorsement of a note without recourse does not indicate that the indorsee takes with notice of any defects, or that he does not take on the credit of the other parties to the note, but that he takes without recourse on the indorser. 80 Ark. 212.    The notes and the liens are inseparable, and the lien passes by the assignment of the notes.    126 Ark. 425; 126 Ark. 177; 115 Ark. 366.

Hart, J., (after stating the facts).    The decree of the chancery court was correct.    The Legislature of 1873 passed an act providing that the lien held by the vendor of real estate, when the same appears on the face of the deed, inures to the benefit of the assignee of the note for the purchase money, and may be enforced by such assignee.    Crawford & Moses' Digest, § 476.

Since the passage of that act this court has uniformly held that a vendor's lien reserved in a deed as security for the purchase notes of land is analogous to a mortgage, and passes with the transfer of the notes to a *bona fide* purchaser freed from any defenses which the grantor had against the grantee.    *Stephens* v. *Anthony,* 37 Ark. 571; *Pullen* v. *Ward,* 60 Ark. 90; *Smith* v. *Butler,* 72 Ark. 350; *Beard* v. *Bank of Osceola,* 126 Ark. 420, and *Graves* v. *First National Bank of Bentonville,* 126 Ark. 177.

It is true that J. A. Hankins testified that the note for $1,500 held by the Merchants' & Planters' Bank was paid by that bank at the instance of the maker, A. Wakin. This, however, is denied by A. Winham, who acted for the Merchants' & Planters' Bank in the purchase of the note, and by C. M. Blocker, who acted for the plaintiffs in the premises.

According to the testimony of Winham and Blocker, the note was purchased by Winham for value in the usual course of business, and the qualified indorsement was placed on the back of the note in order that Hankins and wife might not be held personally liable on their indorsement. The indorsement was made by the plaintiffs "without recourse" merely to release themselves from liability as indorsers, and not for the purpose of releasing the lien of the vendor, which passed by the assignment of the note.

The chancellor found the issue in this respect in favor of the defendants, and his finding is in accord with the weight of the evidence. An indorsement without recourse merely releases the indorser liability, and is not out of the usual course of trade.

In the case of *Neely* v. *Black,* 80 Ark. 212, it was held that the fact that the payee of a note indorsed it without recourse did not impair the negotiable character of the instrument, nor put the indorsee upon notice of any infirmity therein between the original parties. Judge BATTLE, speaking for the court, quoted with approval from a Virginia case the following:

"An indorsement without recourse is not out of the due course of trade. The security continues negotiable, notwithstanding such an indorsement. Nor does such an indorsement indicate, in any case, that the parties to it are conscious of any defect in the security, or that the indorsee does not take it on the credit of the other party or parties to the note. On the contrary, he takes it solely on their credit, and the indorser only shows thereby that he is unwilling to make himself responsible for the payment."

Moreover, the matter is set at rest by our negotiable instrument law, wherein it is provided that such an indorsement does not impair the negotiable character of the instrument. Crawford & Moses' Digest, § 7804.

It follows that the decree must be affirmed.