LEVERETT *v.* WILLIAMSON.

</div>

4-5764                                    136 S. W. 2d 478

<div align="center">

Opinion delivered February 5, 1940.

</div>

J. C. Brookfield, for appellant.

Giles Dearing, for appellee.

HUMPHREYS, J.  This suit was brought on March 30, 1938, in the chancery court of Cross county by Lucy Williamson, Flora Gann and Kizzy Mayberry, adult daughters and only heirs and next of kin of Mrs. Caldonia Scott, deceased, against Jess Kelly and Ed Leverett to recover judgment on two notes of $100 each with interest at the rate of 8 per cent. per annum from December 3, 1929, and to foreclose a vendor's lien given to secure them on the NW¼ NE¼, section 34, tp. 9 N., R. 1 E. in said county.

A summons was issued and served upon Jess Kelly and Ed Leverett on the 11th day of April, 1938.

Jess Kelly made no defense to the action, but Ed Leverett filed an answer pleading that the notes sued on were barred by the statute of limitations of five years and that Jess Kelly, from whom he bought said land, only owned a one-half interest therein, and that the two notes sued on were less than half of the consideration paid therefor and that he, Ed Leverett, was compelled to purchase the outstanding half interest in said land from the true owner.

After the suit was filed, Kizzy Mayberry died without issue leaving Lucy Williamson and Flora Gann as her sole heirs and next of kin.  Her death was suggested to the court by Ed Leverett and by order of the court the cause proceeded in the name of Lucy Williamson and Flora Gann, they being the sole owners of the note and vendor's lien.

The cause was submitted upon the pleadings, exhibits and testimony introduced by the respective parties

resulting in a judgment against Jess Kelly and Ed Leverett for the amount sued for and a foreclosure of the lien retained in the deed from Jess Kelly to the Leveretts and order for sale of the said land to pay same.

The record discloses that on December 3, 1929, Jess Kelly and his wife sold and conveyed said land to Ed Leverett and his brother, J. C. Leverett, now dead, and retained a vendor's lien thereon to secure four notes of even date therewith evidencing the purchase money due thereon, the first of which was for $125 due November 15, 1930, the next for $100 due on November 15, 1931, the next for $100 due on November 15, 1932, and the last for $100 due on November 15, 1933; that all of the notes bore interest at the rate of 8 per cent. per annum from date until paid; that these notes were sold and assigned by Jess Kelly to Mrs. Caldonia Scott for a valuable consideration before maturity; that Ed Leverett paid the first two notes to Mrs. Scott, but failed to pay the last two notes; that Mrs. Scott died on December 3, 1937, leaving three adult daughters who were her only heirs and next of kin; that the notes sued upon were found in the papers of Caldonia Scott after her death by her daughter Flora Gann who talked to Ed Leverett and Jess Kelly about them.

Flora Gann testified, and it is not disputed, that Ed Leverett told her they represented a just debt and he would pay them, and that Ed Kelly told her he sold the notes to her mother and that if Ed Leverett did not pay them he would let us get judgment and when the land was sold he would buy it in and pay us himself.

The original notes were introduced in evidence and the one due on November 15, 1932, had a credit on it of $1.48. The other note had no credit upon it, but in copying same to be attached as an exhibit to the complaint a credit of $65 appeared on the back of the copy. Ed Leverett testified that he had not paid anything on the notes. He also testified that an abstractor told him the title to the land in Kelly was not perfect and so he purchased and procured deeds from other parties claiming

an interest therein and on that account he refused to pay the notes.

Ed Leverett procured a warranty deed to the land from Jess Kelly and he did not file a cross-complaint against Kelly seeking to recoup the amount he paid for alleged outstanding interests against the notes. He took possession of the forty acres of land under the warranty deed from Kelly and is still in possession thereof. He never lost possession of the land, but claims he bought the interest of parties claiming they owned an interest in the land. He does not show by sufficient evidence that Kelly's title to the land was not perfect nor does he show that same was perfected by the deeds he obtained from other claimants to the land or a part thereof.

Even though Ed Leverett did buy interests from claimants to the land it does not appear from this record that it was necessary to do so to perfect the title he got from Kelly. As stated above, Kelly gave him a warranty deed to the entire forty acre tract, and he went into possession thereunder and his possession thereof has never been disturbed. For aught that appears in this record, Kelly may have had a perfect title to the forty acre tract and the parties from whom Ed Leverett purchased interests therein might not have owned any real interest in the land.

We proceed then to a consideration of whether the notes or either of them was barred by the five year statute of limitations at the time this suit was instituted. It is certain that the note that matured on November 15, 1933, was not barred by the five year statute of limitations because the suit was brought within five years after the due date of said note. The suit was commenced on March 30, 1938, so five years had not intervened between the maturity of the note and the date upon which suit was brought.

The due date of the other note was November 15, 1932. The suit, therefore, was brought more than five years after the maturity thereof. Section 9465 of Pope's Digest is, in part, as follows: "In suits to foreclose

or enforce mortgages, deeds of trust or vendor liens, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given."

Suits on notes upon which no payments have been made are barred under our statute in five years after maturity. It follows that this note was barred when suit was brought upon it and the court should have sustained Ed Leverett's plea of the statute of limitations as to it, and should have rendered judgment on the note which was not barred with interest thereon from the date of its execution. The decree is, therefore, reversed and the cause is remanded with directions to render judgment in favor of appellees against appellant and Kelly upon the note which became due on November 15, 1933, or, to be more explicit, to render judgment in favor of appellees for $100 with interest thereon at 8 per cent. per annum from December 3, 1929, the date of the note, with all costs, except the costs of this appeal, and foreclose a lien for that amount against the land and order a sale thereof to pay same.