WARD v. FORREST.

4-7600                                    186 S. W. 2d 951

Opinion delivered April 23, 1945.

*R. C. Waldron,* for appellant.

*Roy Mullen* and *S. L. Richardson,* for appellee.

ROBINS, J. This suit was instituted by appellee to recover from appellant, W. L. Ward, the amount of six promissory notes executed by said appellant to appellee for the deferred installments of purchase money of forty acres in Lawrence county, Arkansas, sold and conveyed by appellee to said appellant, and to enforce a vendor's lien against the land for said debt. Appellant, Mrs. W. L. Ward, was made party defendant. Appellants defended on the ground that there was a failure of the consideration of said notes because appellee did not own the land sold by him and that fraud had been perpetrated on them by appellee in the sale of the property.

The lower court rendered decree in favor of appellee for the balance agreed by appellee to be due on the note and ordered a foreclosure of appellee's vendor's lien on the land. To reverse that decree this appeal is prosecuted.

The testimony adduced in the lower court establishes the fact that appellee had no documentary title to the land. He claimed the land by reason of a gift from the former owner, coupled with possession and payment of taxes. But it is not disputed that appellant, W. L. Ward, was let into possession by virtue of his purchase from appellee, who executed to appellant, W. L. Ward, a deed with the usual covenants of warranty. Appellants did not allege or prove that they had been evicted from the property, nor was any offer on the part of appellants to surrender possession of the land back to appellee shown. While there was a general allegation in appellants' answer and cross-complaint charging fraudulent deception by appellee, the proof did not sustain this defense.

The rule as to the right of a vendee of land to defend against recovery of purchase money on the ground of lack of title in the vendor is thus stated in 27 R. C. L., p. 615: "It is also the general rule that if the conveyance contains covenants of title the purchaser, if there has been no eviction or fraud or breach entitling him to substantial damages, must rely on the covenants, and cannot set up defects in the title in defense of an action for the purchase money." The reason generally given for this rule is "that it is unjust that the purchaser should retain both the property and the money he had agreed to pay for it." 34 A. L. R. 1327 (note).

In the case of *Bramble* v. *Beidler,* 38 Ark. 200, we said: "It is a well-settled doctrine that a purchaser of land, who has received a deed with covenants of warranty and entered into possession, cannot, so long as he retains the possession, deny his vendor's title, or refuse to pay the price."

It was held in the case of *Morris, Adm.,* v. *Ham,* 47 Ark. 293, 1 S. W. 519 (headnote 2): "In the absence of

fraud, a purchaser who has been let into possession under a deed, cannot, without eviction, either actual or constructive, controvert his vendor's title, nor defend against payment of the purchase money on account of defects of title; but in a suit to foreclose the vendor's lien, he may have credit for amounts necessarily paid to perfect the title."

Discussing a defense similar to the one made herein by appellants, Judge HART, in the case of *Dickason* v. *McNeil*, 140 Ark. 30, 215 S. W. 643, said: "It was while the sale to Mahan was in progress of negotiation that the defect in the title was discovered. Mahan refused to complete the sale on account of this alleged defect. Even after this Mrs. Dickason continued in possession of the lands and never offered to relinquish possession of them or reconvey them to Moore. Under these circumstances her only remedy would be to recover on the covenants of warranty contained in the deed from Moore to her." Other Arkansas cases in which the same rule was followed are: *Johnson* v. *Douglass*, 60 Ark. 39, 28 S. W. 515; and *Leverett* v. *Williamson*, 199 Ark. 910, 136 S. W. 2d 478.

The only expense appellant, W. L. Ward, was put to in perfecting his title, as shown by the testimony, was $15 which he said he was required to pay to the "true owner" for a quitclaim deed and $37.04 which he was required to pay to a drainage district for a conveyance of its title obtained in a proceeding to foreclose delinquent assessments. Appellee sued for $280 and interest at the rate of ten per cent. per annum from November 16, 1940, and the lower court gave him judgment for $234.50 with interest at five per cent. per annum from November 15, 1940, to September 27, 1944, and from that time at the rate of ten per cent. per annum. Therefore, it is inferable from the record that appellant received a sufficient credit, in the calculation of the amount of the decree, to cover the expense which he incurred in obtaining conveyances deemed necessary by him to make his title good.

Since the evidence failed to show fraud in the sale of the land, or eviction of appellants by reason of failure of title, or surrender or offer of surrender of the land

to appellee, we conclude that appellants did not establish their defense to appellee's action on the purchase money notes. It follows that the decree of the lower court was correct and must be affirmed.