## DRIVER *v.* LACER.

### Opinion delivered May 22, 1916.

1. VENDOR'S LIEN—PURCHASER OF NOTE—MERGER.—L. transferred land to H. taking notes secured by a vendor's lien, recited in the deed. H. conveyed the land back to L.; L conveyed to G., and G. thereafter conveyed to defendant. Meantime L. executed a note to plaintiff, giving the notes of H. as collateral; *held*, while as a general rule the lien would have been cancelled when L. acquired the property the second time, but, that under the facts, plaintiff had no knowledge of any of the transfers subsequent to that from L. to H., and that no merger took place as to her, and that defendant, being bound by the recitals in the deeds in his chain of title, that plaintiff could enforce her lien, as against the land.

2. TITLE—RIGHTS AGAINST GRANTEES—CHAIN.—The purchaser of land is bound by whatever affects his title, which is contained in any instrument through which he traces title, even though it be not recorded, and he has no actual notice of its provisions.

Appeal from Mississippi Chancery Court, Chickasawba District; *C. D. Frierson,* Chancellor; reversed.

*J. W. Rhodes, Jr.,* and *W. J. Lamb,* for appellant.

1. The legal and equitable title never merged in Lilly by virtue of the conveyance. Nothing that Lilly and Holloway could do could divest the vendor's lien. Kirby's Digest, § 51. The case, 171 S. W. 144, is conclusive of this case. See also 105 Ark. 156; 27 Cyc. 1377-8, note 2 and B; *Ib.* 1379, note D; 42 S. E. 5; 68 Am. St. Rep. 685.

2. The assignment of the notes was an assignment of the lien. Kirby's Digest, sec. 510; 68 Am. St. Rep. 691. There was no satisfaction of the mortgage. Kirby's Di-

gest, secs. 5401-3. We have no statute for the recording of assignments of mortgages. Kirby's Dig., secs. 510, 511, 512; 27 Cyc. 1296, 1314, note 2; *Ib.* 1315, note B; 51 N. W. 520; 115 Ark. 366.

3. The notes were negotiable and appellant has a valid lien by reservation in the deed of which all subsequent grantees must take notice.

The appellee *pro se.*

1. The notes sued on had actually been paid and the vendor's lien extinguished by the merging in Lilly of the vendor's lien in the legal title and by the deed from Lilly to Grant. The blank endorsement of Lilly did not carry the lien. 39 Cyc. 1810; 23 Ark. 258. Prior to Kirby's Dig. § 610, the assignment of a note did not pass the vendor's lien. 28 Ark. 401. Since the passage of the Act April 21, 1873, our courts have gone no further than required by the act in holding that the lien passed to the assignee, the policy being to discourage secret liens. 23 Ark. 258.

2. There was a merger. 2 Jones on Mortgages, § 848, 854; 70 N. E. 903; 2 Pom. Eq. § 798, note; 27 Cyc. 1379, note D. 1379. The deed from Lilly to Grant cancelled the lien. 33 Ark. 310; 27 U. S. (Law. Ed.) 531.

HART, J. Mrs. S. L. Driver sued O. R. Lilly, Allen Holloway, M. P. Grant and Philip Lacer to recover on four promissory notes, each for the sum of $112.50 and to foreclose a vendor's lien in a deed from O. R. Lilly to Allen Holloway to certain lands in Mississippi County. At the September, 1914, term of the chancery court, judgment by default was taken against all the defendants except Lacer, who filed his answer denying the right of plaintiff to assert a vendor's lien on the lands in controversy and averring that he was an innocent purchaser for value without notice of any equities of the plaintiff.

The material facts are as follows: On the 24th day of June, 1907, O. R. Lilly conveyed to Allen Holloway the lands in controversy and as evidence of the purchase money Holloway executed and delivered to Lilly his four

promissory notes each for $112.50, dated June 24, 1907, and due respectively on or before Nov. 15, 1911, 1912, 1913, 1914. Lilly executed his warranty deed to Holloway and each of the above notes was recited in the deed and a lien was expressly reserved in the deed to secure the payment of the notes.

On the second day of December, 1909, Allen Holloway and his wife sold and conveyed the land to J. B. Barron and O. R. Lilly, who agreed to assume the $450 lien existing against the land in favor of Lilly by virtue of his former deed. On the 20th day of May, 1910, Barron and wife conveyed his undivided one-half interest in the land to O. R. Lilly and the latter assumed and agreed to pay all encumbrances against the land. On the 12th day of September, 1910, O. R. Lilly and wife conveyed the land to M. P. Grant for a valuable consideration. On the 2nd day of January, 1912, M. P. Grant conveyed the land to Philip Lacer for a valuable consideration. On the 6th day of March, 1911, O. R. Lilly executed a promissory note for $10,000 in favor of Mrs. S. L. Driver, and put up as collateral security in addition to other notes, the four notes executed to him by Holloway above referred to. On the 20th day of January, 1914, Mrs. Driver caused to be entered on the record of the deed from Lilly to Holloway a certificate to the effect that the four notes described in the deed had been hypothecated to her to secure the indebtedness of O. R. Lilly to her.

The chancellor found that Philip Lacer was an innocent purchaser of the land for value without notice of the assignment of said notes, and that because the notes had not been assigned to Mrs. Driver until after the date of the deeds reconveying the land to Lilly, that the legal and equitable title to the land merged in Lilly and constituted a cancellation of the vendor's lien retained in the deed from Lilly to Holloway. From the decree entered of record the plaintiff has appealed.

It is contended by counsel for the plaintiff that this case is controlled by *Hebert* v. *Fellheimer*, 115 Ark 366. They insist that the facts in that case are in all essen-

tial respects similar to the facts in the instant case; but it will be noticed that in that case the vendor had transferred the notes to a third person before the land had been reconveyed by the purchaser to him. There, as here, the holder of the note purchased them in the usual course of trade for value and before maturity, but in the instant case the reconveyance of the land to Lilly was made before he transferred the notes as collateral security to Mrs. Driver. While there is this difference in the facts, we think the principle of law announced in that case is controlling here. It is true the general rule is that where one having a vendor's lien on land becomes the owner thereof, the lien is entirely extinguished, still there are exceptions to the rule and this is one of them.

Under the principles of law decided in *Hebert* v. *Fellheimer, supra,* and cases cited, Lacer was necessarily affected with notice of the lien retained for the benefit of Lilly in his deed to Holloway. This is in application of the settled rule that one is bound by whatever, affecting his title, is contained in any instrument through which he traces title, even though it be not recorded, and he has no actual notice of its provisions. The notes were specifically set out and recited in the deed from Lilly to Holloway and this deed being in Lacer's chain of title he is bound by whatever is contained in it. On the other hand the deed to Lacer was not in the chain of title to Mrs. Driver. The notes were transferred before their maturity. She paid value for them and had no notice whatever that the land had been reconveyed to Lilly or that Lilly had conveyed the land to Grant and that Grant had conveyed it to Lacer. So far as she was concerned, then, there was no merger of the legal and equitable title in Lilly by reconveyance of the land to him. Lacer being bound by the recitals in all the deeds through which he must trace his title will be deemed to have knowledge that the notes were outstanding and not yet due at the time the land was reconveyed to Lilly. Therefore in order to protect himself he should have required Lilly to have produced the notes or to have canceled them on the

margin of the record of the deed from himself to Hollo-
way.    In no other way could be protect himself against
a bona fide holder for value of the notes before their
maturity.    The notes having been described in the deed,
the notes and the vendor's lien stand in the same relation.
"They are as inseparable as the note and mortgage. As
in the latter case, the note is the principal and essential
thing, and the lien the accessory and incident. The lien
passes with the transfer of the note and expires when it
is paid.    The lien is, in effect, a mortgage, and, like it,
passes to the assignee of the note, it being negotiable,
freed from any defense the maker had against it in the
hands of the vendor." *Pullen* v. *Ward,* 60 Ark. 90.

It follows that the decree must be reversed and the
cause will be remanded with directions to the chancellor
to render a decree in accordance with the prayer of the
complaint.