## HAMILTON NATIONAL BANK *v.* EMIGH.

### Opinion delivered February 26, 1917.

1. BILLS AND NOTES—DEPOSIT—CREDITING ENDORSER'S ACCOUNT—PURCHASE BY BANK.—Where a bank receives a note endorsed without restriction, and gives credit for the proceeds of the same to the depositor as cash in a checking account, and such proceeds are checked out by the depositor, the bank becomes the absolute owner of the note.

2. BILLS AND NOTES—TRANSFER BEFORE MATURITY—PAYMENT TO ORIGINAL PAYEE.—The maker of a note is not discharged by payment to the original payee, without surrender of the note, when the note was transferred before maturity to an innocent purchaser for value.

3. EVIDENCE—ALTERATION OF NOTE—SUIT BY BONA FIDE HOLDER—TRANSACTIONS BETWEEN ORIGINAL PARTIES.—When a note was transferred for value before maturity to an innocent purchaser, in an action by him against the maker when the maker plead an alteration of the note, evidence of conversations had between the maker and payee should be limited to matters relating to an alteration of the note.

Appeal from Jefferson Circuit Court; *W. B. Sorrells*, Judge; reversed.

*A. R. Cooper*, for appellant.

1. The note is a negotiable promissory note and appellant is the *bona fide* holder for value, before maturity and without any notice of any infirmity or defense between the original parties. 113 Ark. 72; 170 S. W. 852; 101 Ark. 281; 121 *Id.* 250; 48 *Id.* 454.

2. The bank being an innocent purchaser for value in the usual course of business was not affected

by any question of payment to the payee of the note. Payment to the payee is no defense against an innocent purchaser. 109 Ark. 113; 105 *Id.* 152; 113 *Id.* 190; 89 *Id.* 134; 105 *Id.* 155; 150 S. W. 411.

3.   The bank became the absolute owner of the note and instructions 3 and 4 requested by it should have been given. 107 Ark. 603; 101 *Id.* 266.

4.   The statement made by the Hanna-Brackenridge Co. to appellee was not competent and was immaterial. 107 Ark. 603; 8 Cyc. 256 and note 66; 75 S. E. 771; 84 *Id.* 1003; 36 Ark. 506.

*Rowell & Alexander*, for appellees.

The note was negotiated by and for the individual benefit of the president of the payee company. This was in itself sufficient to have placed the bank on inquiry.

But the sole defense of appellees was that the note had been materially altered without their consent or knowledge after delivery to the original payee. This rendered the note void even in the hands of an innocent holder. 35 Ark. 146; 49 *Id.* 40; 102 *Id.* 302; 110 *Id.* 578; 111 *Id.* 263; Joyce on Defenses to Commercial Paper, §§ 152, 154; 2 Daniels on Neg. Instr. (6 Ed.) §§ 1376-7.

The defense of alteration as a defense was properly submitted to the jury in appropriate instructions. Even if the evidence was conflicting, the jury by their verdict have settled the matter and this court will not disturb it. The jury were warranted by the evidence in finding that the defense was sustained, under instructions really too favorable to appellant.

SMITH, J.   Appellant was the plaintiff in the trial of the cause in the court below, which is a suit upon the promissory note of appellees executed to the order of The Hanna-Brackenridge Company, of Fort Wayne, Indiana, for the sum of $500.00, under date of July 14, 1913, and by that company endorsed to appellant. The execution of the note was denied, and the truth was alleged to be that appellees had executed a note similar

to the one sued on in June, 1913, but that this note had been discharged by certain payments which had been made and by the execution of a renewal note for the balance.

Appellant contends, however, that it is a *bona fide* holder of the note for value, before maturity, and without notice of any infirmity or defense between the original parties. The evidence on the part of appellant is to the effect that the note was transferred to it on July 17, 1913, three days after its date and that the proceeds of the note, then discounted, were placed by the bank to the credit of its endorser's account with the bank, and that checks were drawn and paid in the usual course of business, which exhausted this deposit before the maturity of the note. There appears to be no denial of the truth of this evidence.

In regard to the alleged alteration of the note, the testimony on appellant's part was to the effect that the body of the note was written by the treasurer of the payee company with a stylo pen sometime prior to mailing, and that just before mailing the date was filled in with an ordinary pen and that there were no changes or alterations in the note after its execution. Appellees testified that the note was executed in the first part of June and that it had been paid by a renewal note but had never been returned. Other testimony was offered in support of this defense, including a statement of the transactions between appellees and the payee company purporting to give the dates of all the notes executed by appellees to that company.

The court gave appropriate instructions on the question of the alteration of the instrument which are not questioned; but refused to give instructions numbered 3 and 4 requested by appellant which read as follows:

"3.   You are instructed that where a bank receives a note endorsed without restriction, and gives credit for the proceeds of same to the depositor as cash in a checking account, and such proceeds are checked out

by the depositor, the bank becomes the absolute owner of the note.''

"4.  A maker of a promissory note is charged with the knowledge that the note is negotiable and may be transferred and endorsed by the person or firm to which it is payable to some third party or endorsee; and when such maker pays the person to whom said note was originally payable, the amount of the said note or any part thereof, without the production of the original note, such payment is made at the maker's peril, and such payments so made are of no effect as against the third party or endorsee thereof who had possession of the note at the time the payments were made.

"Therefore, you are instructed that although you may believe from the evidence that the note was paid by the Emigh Land & Lumber Company to the party to whom it was originally payable, yet if at the time of such payment said note was in possession of the plaintiff herein, your verdict will be for the plaintiff, unless you believe it was altered.''

The refusal to give these instructions, and the admission of evidence tending to show payment of the note to the payee, present the questions we are called upon to decide.

(1)   The third instruction should have been given. In the case of *Little* v. *Arkansas National Bank*, 113 Ark. 72, the facts were that Gunter endorsed notes, payable to his order, to the bank, and his account was credited with the proceeds thereof, and this money was checked out by him in the usual course of business, and we held this transaction constituted the bank an innocent purchaser for value.  See also *Southern Sand & Material Co.* v. *People's Savings Bank*, 101 Ark. 281; *Tabor* v. *Merchants Nat. Bank*, 48 Ark. 454.

(2)   Under the issues joined the fourth instruction should have been given.  It would constitute no defense that appellees had paid the note to the payee if such payments were made subsequent to the sale and delivery of the note to the bank.  *Exchange Nat. Bank* v. *Steele*, 109 Ark. 113; *Briggs* v. *Collins*, 113 Ark. 190.

(3)   The statement of the account furnished by the Hanna-Brackenridge Co. to appellees was not competent as evidence tending to prove the transactions there set down, because the bank was not a party thereto; but it would have been proper to show these transactions by competent testimony as tending to show there was no note which bore the date of the one sued on, this evidence being competent to prove the alteration of the instrument.   But the court, on the trial anew, should limit any testimony in regard to transactions between the maker and the payee of the note to the question of alteration, and the jury should be told that such evidence should be considered only as bearing upon the question of alteration.   *Cox Wholesale Grocery Co.* v. *National Bank*, 107 Ark. 601.

For the errors indicated the judgment will be reversed and the cause remanded for a new trial.