KINNEY v. NORTH MEMPHIS SAVINGS BANK.

Opinion delivered December 17, 1928.

*Hawthorne, Hawthorne & Wheatley,* for appellant.

*E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellee.

KIRBY, J. It is conceded that the decree from which this appeal comes correctly recites the material facts out of which this litigation arises. They are as follows:

On January 10, 1920, John R. Hirschmann, being then the owner of two lots in the town of Lepanto, conveyed them, by separate deeds, to H. S. Portis. In each deed notes were given in part payment of the purchase money, and to secure the payment of these notes, $450 in one deed and $400 in the other, a vendor's lien was reserved. These deeds were duly recorded February 2, 1920. On February 6, 1920, which was prior to the maturity of any of the notes, Hirschmann, for value, indorsed these notes to the North Memphis Savings Bank as collateral security for certain indebtedness to it, but no

assignment of record of the lien retained by Hirschmann was made.

Portis, the grantee in the deeds, became insolvent, and receivers were appointed, who took over the assets, and he executed to them a deed for the lots in question, and the receivers conveyed the lots, on February 19, 1923, to Charles E. Kinney, for the consideration of $710. Prior to the execution of this deed to Kinney, a deed releasing the vendor's lien above mentioned had been executed by Hirschmann to the receivers. Hirschmann, at the time of the execution of this release deed, was the record owner of the lien it released. This deed was executed and delivered by Hirschmann on the 25th day of March, 1920, without the knowledge or authority of the bank, and was not recorded until April 30, 1926. The North Memphis Savings Bank, for the benefit of its assignee, the Union & Planters' Bank & Trust Company, brought suit in 1924 upon the notes to foreclose the vendor's lien, and Kinney answered, and denied that the bank had a lien.

Upon these facts the decree recites that: "The court finds that, through the deed of John R. Hirschmann to H. S. Portis, defendant, Charles E. Kinney, as a matter of law, had notice of the transfer of the notes in question to the plaintiff bank, and that Hirschmann was not the owner thereof at the time he executed the release mentioned, and that under settled principles defendant, Kinney, was not an innocent purchaser of the property, the subject-matter of this action, and that the plaintiffs are entitled to enforce the liens claimed by them."

It is conceded that the decree herein appealed from accords with the law as announced in the case of *Driver* v. *Lacer,* 124 Ark. 150, 186 S. W. 824, but it is earnestly insisted that the law of that case has been changed by §§ 2 and 3 of act 374 of the Acts of 1917, which appear as §§ 7399 and 7400, C. & M. Digest. Section 2 of this act, which became § 7399, C. & M. Digest, reads as follows:

"Section 7399. Satisfaction of any mortgage, deed of trust, vendor's lien, or lien retained in deed or note

made and indorsed on the margin of the record where such instrument is recorded, by the mortgagee, trustee, beneficiary, agent of the owner of record of such indebtedness, or by the owner of record thereof, shall be full and complete protection for any subsequent purchaser, mortgagee, or judgment-creditor of the mortgagor or grantor, unless there shall appear on the margin of the record where such instrument is recorded a memorandum showing that the said mortgage, deed of trust, vendor's lien, lien retained in deed or note, or other evidence of indebtedness secured thereby, has been transferred or assigned, which said memorandum shall be signed by the transferrer or assignor, giving the name of the transferee or assignee, together with the date of such transfer or assignment, said signature to be attested and dated by the clerk. Provided that, where it shall appear from a memorandum indorsed upon the margin of the record and attested as hereinbefore provided, that the said mortgage, deed of trust, vendor's lien or other evidence of indebtedness has been transferred, satisfaction shall be made by the party appearing therein as the transferee.''

By § 3 of the act, which became § 7400, C. & M. Digest, it is provided that the effectual discharge of any lien, etc., may be made by a separate release deed or instrument, duly executed, acknowledged and recorded, which instrument, when so recorded, shall be of the same effect as a marginal entry.

In the case of *Hebert* v. *Fellheimer*, 115 Ark. 366, 171 S. W. 144, it was held that, where a deed reserving a vendor's lien to secure the payment of purchase money notes was recorded, an innocent purchaser of the notes was entitled to enforce the lien retained for their payment, and that this right was not defeated by a subsequent reconveyance by the buyer to the seller, and that all subsequent purchasers of the land took subject to the vendor's lien thereon, and it was further held that a notation on the margin of the record was unnecessary to show an assignment of the notes in order to reserve to the purchaser of the notes the lien retained in the deed.

The case of *Driver* v. *Lacer, supra,* was somewhat similar, except that Lilly, the original grantor in the Driver case, in whose favor the vendor's lien was reserved securing the unpaid purchase money notes, obtained a reconveyance of the land to himself before he had transferred the notes. It was held, however, that this fact did not prevent the case from being ruled by the decision in the case of *Hebert* v. *Fellheimer, supra,* the applicable and controlling principle of law being that one is bound by whatever affecting his title is contained in any instrument through which he traces title, even though it be not recorded and he had no actual notice of its provisions. As the purchaser of the notes in the Driver case paid value for them, before maturity, and without notice of the reconveyance of the land to the original grantor, it was held that the purchaser of the notes had the right to enforce the equitable vendor's lien reserved in the original conveyance.

Obviously, act 374, as well as act 371 of the 1917 General Assembly, was intended to change the rule as announced in these cases, act 371 applying only to instruments of record prior to February 5, 1917.

Section 2 of act 374 of 1917 gives to any person who, according to the face of the record, is the owner of any of the liens there mentioned, the right to satisfy the liens of record by indorsements on the margin of the record where the instrument is recorded, and, when this is done, the subsequent purchaser, mortgagee, or the judgment-creditor, is protected against such lien, "unless there shall appear on the margin of the record where such instrument is recorded a memorandum showing that the said mortgage, deed of trust, vendor's lien, lien retained in deed or note, or other evidence of indebtedness secured thereby, has been transferred or assigned, which said memorandum shall be signed by the transferrer or assignor, giving the name of the transferee or assignee, together with the date of such transfer or assignment, said signature to be attested and dated by the clerk." There-

after follows the proviso that, when this memorandum is indorsed upon the margin of the record, satisfaction of the record can only be made by the transferee. In other words, the assignee of the note or debt secured by the lien takes, by the assignment, the lien securing the debt, but, if he neglects to have indorsed on the margin of the record the memorandum showing that the lien has been transferred to him, he is subject to have his lien defeated if satisfaction of the lien is indorsed on the margin of the record by the apparent owner of the lien.

That was done here. The bank took the notes as an innocent purchaser, but the court found that "no assignment of record of the lien retained by Hirschmann was made to the bank." Subsequently Portis executed a deed to the receivers of his estate, and Hirschmann, while apparently the owner of the vendor's lien, so far as the record reflected, executed the release deed. It is true the bank then held the notes, but it held them without having caused the notation to be made on the margin of the record, which would have protected its lien under the statute. In other words, unless and until the statute is complied with, one may deal with the person who, from the face of the record, is the owner of the lien, as if he were the owner, and will be protected in so doing.

It follows therefore that the decree of the court below must be reversed, and it is so ordered, and the cause will be remanded with directions to deny the bank the right to foreclose the lien, but judgment will be rendered on the notes for the amount thereof.