VANCE *v*. WHITE.

Opinion delivered November 25, 1929.

*C. W. Norton,* for appellant.

*G. B. Knott* and *J. M. Prewett,* for appellee.

SMITH, J.  On September 30, 1920, W. P. Brandon, who was the senior member of the copartnership of Brandon & Baugh, sold a tract of land to Jeff White, and in part payment thereof took three notes, each for the sum of $544.33, due respectively November 15, 1921, 1922 and 1923, and to secure their payment a vendor's lien was reserved in the deed.

In the fall of 1922 Mrs. Addie Vance commenced working for Brandon & Baugh in the capacity of a saleswoman, and, having $8,000 in cash, she loaned it to her employers and took their note therefor.  Payments were made on the note which reduced it to $6,700, and a new note for this amount was taken, which fell due in November, 1925, and at the time of its execution there was delivered to Mrs. Vance certain notes as collateral, and

among the number was the last note to mature which White had executed to Brandon.

White died February 16, 1922, and his son, Jeff, took charge of the land for the benefit of himself and the other heirs, and paid one of the notes, which was surrendered to him, and he made payments on the third and last note, and on October 23, 1924, paid the balance then due. His father had paid the first note. At the time of this payment young White demanded the surrender of the note, and was told by Mr. Baugh, of the firm of Brandon & Baugh, to get it from the bookkeeper, but, after searching, the bookkeeper advised that he could not find the note, but proper credit of the payment was made on the books of Brandon & Baugh. Later White again demanded surrender of the note, but was told that it was probably in the bank, but it was not found, and Baugh thereafter went with White to the office of the circuit clerk and recorder and entered upon the margin of the record where the deed had been recorded the following indorsement: "The lien retained in this deed is satisfied in full and canceled, this 6th day of January, 1925. (Signed) W. P. Brandon, by J. D. Baugh." This indorsement was attested by the clerk and recorder. No indorsement had been made upon the record showing the transfer of any of the notes secured by the vendor's lien there reserved.

Mr. Baugh, of the firm of Brandon & Baugh, frequently discussed the note with Mrs. Vance, and assured her that it would be paid, and payments were made on it from time to time, but, before the note fell due, Brandon & Baugh made a voluntary assignment of all of their assets to two receivers, who took charge of the assets and proceeded to administer them, pursuant to the terms of the assignment, for the benefit of the creditors. These assets consisted of a large mercantile business, and about $200,000 in accounts, and large planting interests. Brandon & Baugh had done a furnishing business, and had advanced large sums of money and supplies to nu-

merous customers, and had many accounts on their books. This assignment was made at a date subsequent to the maturity of the $6,700 note, but thereafter Mrs. Vance was given assurance by Mr. Baugh that the note would be paid, and there appears to be no reason to doubt that all parties expected this would be done.

Mrs. Vance made collections on account of the collateral notes given her, but they did not suffice to pay the principal note. On one occasion she spoke to one of the receivers about the White note, and was told by him that the note was without value, as it had been paid. This statement was based upon the fact that the books of Brandon & Baugh showed the note had been paid, and, without further inquiry as to the facts concerning the note, Mrs. Vance proceeded to make what she could out of the collateral notes, and, when it appeared that they would not suffice to pay her note, she filed it with the receivers, and consulted an attorney, who advised her that she could enforce the vendor's lien reserved in the deed to White, and this suit was brought for that purpose. The suit was filed May 22, 1928.

An answer was filed, in which it was alleged that plaintiff was barred from prosecuting the suit on account of her laches in bringing it. It was also alleged that Mrs. Vance was estopped from prosecuting the suit for the reason that she knew payments were being made on the White note to Brandon & Baugh at the time she held the note, and that she made no objection to these payments.

The defense of estoppel does not appear to be now insisted upon, and it is certainly not sustained by the testimony, as it very clearly shows that Mrs. Vance did not have this information. She was employed by Brandon & Baugh at the time the payments on the White note were made, but her employment was as a saleswoman only, and she had no information as to what was going on in the office.

Upon final submission the court found for the defendants, "for the reason of the delay on the part of the plaintiff in making presentment for payment of the note of Jeff White either to the maker or, after his death, to his heirs—the defendants herein." The testimony supports the finding that no demand was made on the heirs prior to the institution of this suit.

We think the court erred in denying the relief upon the ground of laches. It is not contended that plaintiff's cause of action was barred by any statute of limitations. It was not, as fully appears from the facts already stated, and we perceive no reason why she should be charged with laches for delaying for a time which did not exceed the statute of limitations before bringing the suit. Unlike the statute of limitations, no fixed time is required to establish the defense of laches, but it has been held that: "In the absence of some supervening equity calling for the application of the doctrine of laches, a court of chancery should and will by analogy follow the law, and not divest the owner of title by lapse of time shorter than the statutory period of limitations." *Earle Imp. Co.* v. *Chatfield,* 81 Ark. 296, 99 S. W. 84. And it has also been held that the supervening equities mean some element of estoppel aside from the mere lapse of time. *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 161, 103 S. W. 606.

There are no elements of estoppel in this case. Mrs. Vance was not aware that the payments were being made on the note to Brandon & Baugh, and she did nothing to induce such payments, except only to delay bringing suit. Mrs. Vance was not required to notify the maker of the note or his heirs that she was the legal holder of the note. On the contrary it was their duty to make payments to the legal holder, and payments otherwise made were made at their peril.

The judgment in the case of *Hamilton National Bank* v. *Emigh,* 127 Ark. 545, 192 S. W. 913, was reversed be-

cause of the refusal of the court to give an instruction reading as follows:

"4. A maker of a promissory note is charged with the knowledge that the note is negotiable and may be transferred and indorsed by the person or firm to which it is payable to some third party or indorsee; and when such maker pays the person to whom said note was originally payable the amount of the said note, or any part thereof, without the production of the original note, such payment is made at the maker's peril, and such payments so made are of no effect as against the third party or indorsee thereof who had possession of the note at the time the payments were made."

This is an elementary principle in the law of commercial paper, and further citation of cases is not required, although many might be made, some quite recent.

Section 7399, C. & M. Digest, and the case of *Kinney* v. *North Memphis Savings Bank,* 178 Ark. 716, 11 S. W. (2d) 486, which construed it, are invoked to sustain the decree of the court below. This section of the statute provides that satisfaction of any lien on the margin of the record, where the instrument creating it or securing it is recorded by the owner of record of the indebtedness secured, shall be full and complete protection for any subsequent purchaser, mortgagee, or judgment creditor of the mortgagor or grantor, where there has been no marginal indorsement on the record showing that the indebtedness secured had been transferred or assigned. But the persons thus protected by the failure to indorse the transfer of the indebtedness on the margin of the record are subsequent purchasers, mortgagees, or judgment creditors. The defendants are the heirs of the maker of the note, and, as the statute does not apply to him, it cannot be applied to them. They are not subsequent purchasers, mortgagees, or judgment creditors, but stand in the stead of their ancestor, with the same rights and obligations that he had.

It was said in the Kinney case, *supra,* that "in other words, unless and until the statute (§ 7399, C. & M. Digest) is complied with, one may deal with the person who, from the face of the record, is the owner of the lien, as if he were the owner, and will be protected in so doing." But this opinion is not to be interpreted in the light of this detached sentence alone. It must be read in connection with the opinion in its entirety and considered in connection with the facts there under consideration. In that case the right of the bank to enforce the vendor's lien securing the note was denied because the rights of a subsequent purchaser had intervened, and subsequent purchasers, as well as subsequent mortgagees and judgment creditors, are protected by the statute. The words, "any one," as there used, must therefore be construed to mean any one belonging to any of these three classes.

The rights of no such person have intervened here. If the original grantee in the deed reserving the vendor's lien were living, he would not be heard to say that he had paid the amount of his note to a person who did not own it, and was not in possession of it when he made the payment, and had thereby discharged the lien which secured the note. Nor can his heirs. He, as well as they, could and would have been protected had they made the payments on the note to the person entitled to receive them.

The briefs discuss the question of the insolvency of the estate of Brandon & Baugh as administered by the receivers; but we do not consider this question, as we are of the opinion that Mrs. Vance is entitled to enforce the vendor's lien regardless of that fact.

The relief prayed should therefore have been granted, and the decree of the court below will be reversed, and the cause remanded, with directions to enforce the vendor's lien.