FARMERS' BANK & TRUST COMPANY *v.* TAYLOR.

4-3587

Opinion delivered November 12, 1934.

*McKay & McKay,* for appellants.

*Hawkins & Keith,* for appellees.

SMITH, J. On November 27, 1922, Mrs. Clara Taylor borrowed $531 from the Bank of Taylor, of Taylor, Arkansas, and to secure the payment thereof executed a deed of trust, by the terms of which she conveyed to a trustee for the bank three lots in the town of Taylor, upon which a small building was located. Before the maturity of the note, the Bank of Taylor borrowed $10,000 from the Farmers' Bank & Trust Company, of Magnolia, Arkansas, and indorsed and delivered Mrs. Taylor's note, along with other notes, as collateral security for that loan. About the time Mrs. Taylor's note fell due, Romie Taylor, her husband, paid the amount thereof to the Bank of Taylor, and at the time of payment was advised that the bank did not have the note in its possession, but that the note would be obtained and delivered to him. He did not inquire where the note was, and was not advised. Soon thereafter the Bank of Taylor became insolvent, and was taken over by the State Banking Department for the purpose of liquidation, and the Farmers' Bank & Trust Company notified Mrs. Taylor that it held this note as collateral. The exact date when the Bank of Taylor was taken over for liquidation does not appear, but the payment by Mr. Taylor was made before that time.

The Farmers' Bank & Trust Company filed suit against Mrs. Taylor on the note and prayed the foreclosure of the deed of trust securing it. M. E. Britt filed an intervention, and was made a party to this suit.

It appears that when Mrs. Taylor's note was pledged by the Bank of Taylor, no marginal notation was made of that fact upon the record where the deed of trust was recorded. But it does appear that, when Mrs. Taylor's husband made the payment above stated, the cashier of the Bank of Taylor indorsed payment and settlement of the note upon the deed of trust and delivered that instrument to Mr. Taylor as having been cancelled and satisfied, and on January 24, 1923, which appears to have been about the date of payment, the vice president and cashier of the Bank of Taylor made an indorsement upon the margin of the record where the deed of trust was recorded, which was duly attested by the clerk and recorder, reading as follows: "I hereby acknowledge receipt in full of the notes set up in this instrument and declare the lien created thereby fully satisfied and released, this the 24th day of January, 1923. (Signed) Bank of Taylor, by L. K. Welborn, V. P. & Cash. Attest: Emmett Atkinson, Clerk."

Mrs. Taylor testified that she thought the debt had been paid, and that she so advised Britt when she sold him the lots covered by the deed of trust. Britt admitted knowing that the deed of trust was of record, but was assured that the debt which it secured had been paid, and he thought Mr. Taylor was in possession of both the note and deed of trust. As a matter of fact, Taylor was in possession only of the deed of trust, but Britt testified: "I thought it was clear. I figured him having the note and mortgage and the record being satisfied, it was clear," but before completing the purchase of the lots Britt went to the office of the clerk and recorder and read the marginal indorsement upon the record, set out above.

The court rendered judgment against Mrs. Taylor for the amount of the note, but refused to decree a foreclosure of the deed of trust, and the Farmers' Bank & Trust Company has appealed from that decree. The

judgment for the amount of the note is correct, and is not questioned.

We are also of the opinion that the court was correct in refusing to decree a foreclosure of the deed of trust. The case of *Kinney* v. *North Memphis Savings Bank*, 178 Ark. 716, 11 S. W. (2d) 486, which has several times been adhered to and followed, is decisive of the question. It was there said: ''Section 2 of act 374 of 1917 (which appears as § 7399, Crawford & Moses' Digest) gives to any person who, according to the face of the record, is the owner of any of the liens there mentioned, the right to satisfy the liens of record by indorsements on the margin of the record where the instrument is recorded, and, when this is done, the subsequent purchaser, mortgagee, or the judgment-creditor, is protected against such lien, 'unless there shall appear on the margin of the record where such instrument is recorded a memorandum showing that the said mortgage, deed of trust, vendor's lien, lien retained in deed or note, or other evidence of indebtedness secured thereby, has been transferred or assigned, which said memorandum shall be signed by the transferrer or assignor, giving the name of the transferee or assignee, together with the date of such transfer or assignment, said signature to be attested and dated by the clerk.' * * * In other words, the assignee of the note or debt secured by the lien takes, by the assignment, the lien securing the debt, but, if he neglects to have indorsed on the margin of the record the memorandum showing that the lien has been transferred to him, he is subject to have his lien defeated if satisfaction of the lien is indorsed on the margin of the record by the apparent owner of the lien.'' See also *Rockford Trust Co.* v. *Purtrell*, 183 Ark. 918, 39 S. W. (2d) 733; *Vance* v. *White*, 180 Ark. 470, 21 S. W. (2d) 853; *Lehmann* v. *First National Bank of St. Louis, ante p.* 604, Hughes on Arkansas Mortgages, § 205.

There having been no compliance with the requirements of § 7399, Crawford & Moses' Digest, Britt acquired title to the lots free from the lien of the deed of trust, and the decree so adjudging is affirmed.